IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GREGORY BROWNLOW,

    Plaintiff,                        No. CIV S10-0706 GEB DAD P

    vs.

ARNOLD SCHWARZENEGGER, et al.,

    Defendants.                 FINDINGS & RECOMMENDATIONS

_____/

        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983.[1] Before the court is plaintiff's complaint.

        The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1) & (2).

---

[1] Plaintiff failed to file an application to proceed in forma pauperis or to submit the $350.00 filing fee. In light of these findings and recommendations, the court will not order plaintiff to do so.

1

1   A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
2   Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28
3   (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an
4   indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
5   490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
6   pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th
7   Cir. 1989); Franklin, 745 F.2d at 1227.

8   In his complaint, plaintiff contends that he has been imprisoned beyond the time
9   that he should have been released on parole and/or his earliest possible release date.  Plaintiff
10  purports to seek relief pursuant to the decision in Valdivia v. Schwarzenegger, No. CIV S-94-
11  0671 LKK GGH (E.D. Cal.) or, in the alternative, a recalculation of his discharge date.  Exhibits
12  attached to plaintiff's complaint establish the following.  While plaintiff was on parole, he
13  provided a urine sample which tested positive for the use of cocaine.  (Doc. No. 1 at 13.)  On
14  January 6, 2010, plaintiff was arrested for violating the conditions of his parole.  (Id.)  On
15  February 10, 2010, a hearing was held, plaintiff was found to be in violation of the terms of his
16  parole and his parole was revoked.  (Id. at 14-16.)  Plaintiff was ordered returned to custody to
17  serve an additional twelve months.  (Id. at 17.)  Plaintiff's discharge date was calculated at that
18  time to be June 18, 2010.  (Id. at 22.)

19  Plaintiff  contends that his discharge date as calculated at the time of his parole
20  revocation was incorrect and, in addition, was subsequently "arbitrarily" changed to June 25,
21  2010.  (Id. at 33.)  Plaintiff argues that in 2006, he was found not guilty of a parole violation for
22  "absconding" and that his discharge date should be recalculated.  (Id. at 33-34.)  In addition,
23  plaintiff contends that in 2005 the restoration of his time-credits was approved but those time
24  credits were "then arbitrary [sic] taken back[.]"  (Id. at 34.)  In short, plaintiff argues that he has
25  been "wrongfully deprived of 90 days" of time credits to which he was entitled  (Id.)
26  /////

Plaintiff's claims concerning good time credits and discharge date calculations fail to state civil rights claims upon which relief can be granted. Preiser v. Rodriguez, 411 U.S. 475 (1973) (holding that when a prisoner challenges the fact or duration of his custody and a determination of his action may result in plaintiff's entitlement to an earlier release, his sole federal remedy is a writ of habeas corpus); see also Blueford v. Prunty, 108 F.3d 251, 255 (9th Cir. 1997) (approving dismissal without of § 1983 claim challenging a loss of time credits to allow them to be addressed in a habeas proceeding); Tucker v. Carlson, 925 F.2d 330, 331 (9th Cir.1990) (holding that a challenge to the execution of a sentence is "maintainable only in a petition for habeas corpus"); Ferguson v. Weeks, No. CIV S-06-2331 WBS GGH P, 2007 WL 1752611 at *2 (E.D.Cal., June 15, 2007) ("'An application for a writ of habeas corpus under § 2254 is the proper method for a prisoner's challenge to the calculation of his time credits.'") (quoting Whitehead v. Johnson, 157 F.3d 384, 386 n.1 (5th Cir.1998)). Thus, this action should be dismissed without prejudice to plaintiff's filing of a petition for writ of habeas corpus.[2]

To the extent that plaintiff is attempting to claim that raises a Valdivia claim, the court finds that plaintiff has failed to state a cognizable claim. According to the agreement entered into by the State of California and set out in the March 9, 2004 stipulated order for permanent injunctive relief in Valdivia v. Schwarzenegger, No. CIV S-94-0671 LKK GGH (E.D. Cal.), a parolee is to receive a probable cause hearing within ten business days of the receipt of notification of the parole violation charges, and is to have a revocation of parole hearing within thirty-five calendar days of the parole-hold being put in place. In re Marquez, 153 Cal. App. 4th 1, 4-5 (2007); see also Valdivia v. Davis, 206 F. Supp. 2d 1068 (E.D. Cal. 2002). Here, plaintiff received his revocation hearing within thirty-five days of his arrest for violating his parole.

---

[2] Plaintiff is cautioned, however, that the exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. See 28 U.S.C. § 2254(b)(1). A petitioner satisfies the exhaustion requirement by fairly presenting to the highest state court all federal habeas claims before presenting them to the federal court. See Duncan v. Henry, 513 U.S. 364, 365 (1995) (per curiam); Picard v. Connor, 404 U.S. 270, 276 (1971); Crotts v. Smith, 73 F.3d 861, 865 (9th Cir. 1996); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1986).

1   Therefore, it appears on the face of his complaint that no violation of the stipulated order for
2   permanent injunctive relief in Valdivia occurred.
3          More importantly, "a remedial court order, such as the one entered in the Valdivia
4   case, does not create rights, privileges or immunities secured by the Constitution." Soto v. Board
5   of Prison Terms, No. CIV S-07-0414 GEB DAD P, 2007 WL 4285381, at *1 (E.D. Cal. Dec. 6,
6   2007) (citing Green v. McKaskle, 788 F.2d 1116, 1123-24 (5th Cir. 1986) (remedial decrees are
7   means by which unconstitutional conditions are corrected but do not create or enlarge
8   constitutional rights)). See also Thomas v. Hernandez, ___F. Supp.2d___, ___, 2010 WL
9   3633060, at *5 (S.D. Cal. Sept. 13, 2010) (dismissing plaintiff's § 1983 claim based on an
10  alleged violation of the permanent injunctive relief granted in Valdivia)  Therefore, plaintiff has
11  failed to state a cognizable claim for relief under 42 U.S.C. § 1983.
12         Also, IT IS HEREBY RECOMMENDED that this action be dismissed without
13  prejudice to the filing of a habeas action due to plaintiff's failure to state a cognizable § 1983
14  claim.
15         These findings and recommendations are submitted to the United States District
16  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-
17  one days after being served with these findings and recommendations, plaintiff may file written
18  objections with the court.  The document should be captioned "Objections to Magistrate Judge's
19  Findings and Recommendations."  Plaintiff is advised that failure to file objections within the
20  specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951
21  F.2d 1153 (9th Cir. 1991).
22  DATED: October 8, 2010.

DAD:4
brow0706.56

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

4